J-S24007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL H. HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 3374 EDA 2018 |

Appeal from the PCRA Order Entered November 6, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0641321-1992

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 21, 2019**

Manuel H. Hernandez appeals, *pro se*, from the trial court's order dismissing, as untimely, his second petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On April 22, 1992, Hernandez robbed his victim at gunpoint in the victim's home.  Two days later, Hernandez returned to the victim's neighborhood with four compatriots and used a teenage bystander as a human shield when he shot the victim in the stomach.  The victim died later that day. Hernandez was twenty-two years old at the time of the murder.  Hernandez was tried by a jury and found guilty of first-degree murder, kidnapping, recklessly endangering another person, and possessing an instrument of crime.  On July 23, 1993, the trial court sentenced Hernandez to life in prison without the possibility of parole for murder and an aggregate, concurrent

_____

* Former Justice specially assigned to the Superior Court.

sentence of 2½-5 years' imprisonment on the remaining charges.[1]  Hernandez filed post-trial motions that were denied.  On May 4, 1992, our Court affirmed Hernandez's judgment of sentence on direct appeal.  On December 1, 1994, the Pennsylvania Supreme Court denied Hernandez's petition for *allocatur*.

On April 10, 1995, Hernandez filed his first PCRA petition alleging ineffectiveness of trial counsel.  The PCRA court dismissed the petition, after holding an evidentiary hearing, and this Court affirmed the dismissal on collateral appeal.  ***Commonwealth v. Hernandez***, 697 A.2d 274 (Pa. Super. filed Dec. 11, 1996) (Table).  On May 30, 1997, the Pennsylvania Supreme Court denied Hernandez's petition for allowance of appeal.  ***See Commonwealth v. Hernandez***, 698 A.2d 64 (Pa. filed May 30, 1997) (Table).

On August 28, 2012, Hernandez filed the instant PCRA petition *pro se*. In his petition, Hernandez claimed that he is entitled to relief under ***Miller v. Alabama***, 567 U.S. 460 (2012).  On September 6, 2018,[2] the trial court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Hernandez's petition without a hearing.  Hernandez responded to the Rule 907 notice, "directing [the trial] court's attention to the Superior Court's October 23, 2018[,] en

---

[1] No sentence was imposed for the kidnapping conviction.

[2] There is nothing in the certified record explaining the six-year gap between the filing of Hernandez's second PCRA petition and the trial court's action on that petition.  The record merely indicates that on January 27, 2017, the "[c]ase is restored."  Court of Common Pleas of Philadelphia County Appeal Inventory (CP-51-CR-0641321-1992), Entry 8, 1/27/17.

banc hearing on **COMMONWEALTH V. AVIS LEE**, a case involving the matter at issue in his case (extending **MILLER'S** juveniles['] ages to 18-25), where the outcome of that decision should determine the outcome of Petitioner's present [p]etition that has been pending since 2012." Response to Rule 907 Notice, 9/18/18, at ¶ 9.

On November 6, 2018, the trial court entered an order dismissing Hernandez's petition as untimely. This timely appeal followed.[3] On appeal, Hernandez raises the following issues for our review:

> (1) Whether the petitioner's **Miller** claim was timely filed after **Montgomery** [**v. Louisiana**, 136 S. Ct. 718 (2016),] rendered **Miller** retroactive and his petition was filed within 60 days of that announcement.
>
> (2) Whether petitioner's sentence is unconstitutional under **Miller**.

Appellant's Brief, at vi.

In **Commonwealth v. Sandusky**, 2019 PA Super. 27 (Pa. Super. filed Feb. 5, 2019), our Court set forth the applicable standard of review in collateral appeals:

> [O]ur standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, [] 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the

---

[3] The trial court did not order Hernandez to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, []
105 A.3d 1257, 1265 ([Pa]. 2014) (citation omitted).

***Id.*** at *4.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. ***See*** 42 Pa.C.S.A. § 9545(b)(3). A PCRA court lacks jurisdiction to entertain an untimely petition unless a petitioner pleads and proves one of the PCRA's section 9545(b)(1) timeliness exceptions. Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and an after-recognized constitutional right. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.***; ***see also*** 42 Pa.C.S.A. § 9545(b)(2).[4] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

_____

[4] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the 60-day time limit in section 9545(b)(2) applies to Hernandez's petition, as he filed his petition on August 28, 2012.

Instantly, Hernandez's judgment of sentence became final, for purposes of the PCRA, on March 1, 1995, when the time expired for him to file a petition for certiorari with the United States Supreme Court. **See** Sup. Ct. R. 13. Here, Hernandez filed the petition more than 17 years later, on August 28, 2012. Accordingly, it is patently untimely and the PCRA court had no jurisdiction to entertain Hernandez's petition unless he pled and proved one of the timeliness exceptions set forth in section 9545(b)(1).

Here, Hernandez invokes the after-recognized constitutional right exception to the PCRA. 42 Pa.C.S. § 9545(b)(1)(iii). Hernandez claims that he is entitled to PCRA relief based on the holdings in **Miller**, **supra**, and **Jackson v. Hobbs**, 567 U.S. 460 (2012),[5] because his "brain had not been fully developed at the age of 22" when he committed the instant offenses. PCRA Petition, 8/28/12, at 5.

In **Miller**, the United States Supreme Court held that mandatory life without parole sentences for those offenders who were under the age of 18 at the time of their crimes violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **Id.** at 465. Later, in **Montgomery**, **supra**, the Supreme Court determined that **Miller** applies retroactively to cases on collateral review. 136 S. Ct. at 732-37.

---

[5] **Jackson** and **Miller** were companion cases, both involving 14-year-old offenders convicted of murder and sentenced to life imprisonment without the possibility of parole.

- 5 -

We first note that Hernandez filed the instant petition 64 days after *Miller* and *Jackson* were decided. Thus, he did not file his petition within the 60-day window set forth in section 9545(b)(2). However, even if we were to find that Hernandez complied with section 9545(b)(2)'s time restriction, he would not be entitled to collateral relief. Recently, an en banc panel of our Court held that a petitioner, asserting an identical claim, could not satisfy the newly-recognized constitutional right exception to the PCRA's time-bar to overcome the untimeliness of her PCRA petition. In *Commonwealth v. Lee*, 2019 PA Super 64 (Pa. Super. filed March 1, 2019) (en banc), like in the instant case, the defendant, who was over the age of eighteen at the time she committed murder, could not successfully invoke the holding of *Miller* to prove the PCRA's section 9545(b)(1)(iii) exception. Specifically, our Court recognized that "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar," concomitantly declined to extend "its categorical holding," and found meritless defendant's argument that at the time she committed the offense she had an undeveloped brain that prevented her from forming the requisite intent for murder. *Lee*, *supra* at *9.

Likewise, Hernandez cannot overcome the untimeliness of his petition by invoking section 9545(b)(1)(iii) on the basis of *Miller* where he was twenty-two years old at the time he committed the instant offenses, despite any underdeveloped brain he claims he may have had at the time he murdered the victim. Accordingly, the PCRA court lacked jurisdiction to consider Hernandez's untimely petition. Thus, we find that the court's decision to

dismiss Hernandez's petition is supported by the evidence of record and is free of legal error.  **_Ousley_**, **_supra_**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/19